**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH CLAYPOOL, and | ) | |
| NORA CLAYPOOL, | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| Plaintiffs, | ) | |
| | ) | Removed from the Superior |
| v. | ) | Court of Cobb County, Georgia |
| | ) | Civil Action File No. 12-1-4278-42 |
| JPMORGAN CHASE BANK, N.A., | ) | |
| JPMORGAN CHASE, LLC, f/k/a | ) | |
| CHASE HOME FINANCE LLC, | ) | |
| JPMORGAN CHASE & CO., and | ) | |
| KITCHENS KELLEY GAYNES P.C. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants JPMorgan Chase & Co. ("JPMorgan") and JPMorgan Chase Bank, N.A. as the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver and as the successor-in-interest to Chase Home Finance LLC ("Chase")[1] (collectively referred to herein as "these Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby file this Notice of Removal of this case from the Superior Court of Cobb County, Georgia, Civil Action File No. 12-1-4278-42 (the "Superior Court Action") where

---

[1] JPMorgan Chase LLC is not an existing entity and not a proper defendant in this action.

1

it is currently pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Defendant Kitchens Kelley Gaynes, P.C. ("KKG") consents to the removal of this action.  *See* Exhibit A.  Therefore, all of the Defendants who purportedly have been served with process consent to the removal of this action.

This case is removable pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and the Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL BACKGROUND

1.

On April 27, 2012, Plaintiffs Joseph Claypool and Nora Claypool commenced the Superior Court Action on April 27, 2012, by filing a complaint (the "Complaint") .

2.

Chase and KKG were served with process on April 30, 2012.  JPMorgan has not been served with process to date.  By filing this Notice, JPMorgan does not waive, and expressly reserves, any defenses as to sufficiency of process or service of process.

3.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Chase first received a copy of the Complaint, which is the initial pleading setting forth the claims for relief upon which the Superior Court Action is based.

4.

KKG consents to this Notice of Removal and the removal of this action to federal court.  *See* Exhibit A.

## BASIS FOR REMOVAL

5.

This Court has jurisdiction over this action, and removal is appropriate pursuant to 28 U.S.C. § 1332 because the parties' citizenships are diverse and the amount in controversy for Plaintiffs' claims is more than $75.000.00 exclusive of interest and costs.

6.

This Court has supplemental and pendent jurisdiction over all state law claims asserted in the Complaint pursuant to 28 U.S.C. §§ 1332(b) and 1441.

7.

Diversity of citizenship exists as demonstrated by the following:

(a) Upon information and belief, and according to the allegations of the Complaint, both at the time the Complaint was filed and at the time of the filing of this Notice of Removal, Plaintiffs have been citizens of the State of Georgia.  *See* Complaint ¶ 1.

(b) Chase is a national banking association with its main office in the State of Ohio.  Therefore, for purposes of diversity jurisdiction, Chase is a citizen of the State of Ohio.  *See Wachovia Bank Nat'l Assocs. v. Schmidt*, 546 U.S. 303, 318 (2006) (for qualification for diversity jurisdiction, a national bank is a citizen of the state where its main office, as designated in the articles of association, is located).  *See also Excelsior Funds, Inc. v. JPMorgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D.N.Y. 2006) (holding that Chase is "located" for diversity jurisdiction purposes only in the State of Ohio as that is the state in which its main office is located, per its articles of association).

(c) JPMorgan is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in the State of New York.  Therefore, JPMorgan is a citizen of the states of Delaware and New York.  *See* 28 U.S.C. § 1332(c) (stating the corporation is

deemed to be a citizen of any state by which it has been incorporated and the state where it maintains its principal place of business).

(d) Purported Defendant KKG is, and was, at the time the Complaint was filed, a Georgia professional corporation.  However, as discussed below, KKG is not a properly joined defendant in this action.  Therefore, KKG's presence does not defeat diversity.

8.

KKG is not a properly joined defendant because, as demonstrated herein, Plaintiffs allege no viable cause of action against it.

(a) "In determining whether there is diversity of citizenship, the court must disregard nondiverse parties that are fraudulently joined."   16-107 Moore's Fed. Prac. § 107.14[2][c][iv][A] (2002).

(b) "If a defendant shows that there is no possibility the plaintiff can establish a cause of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (internal quotation marks omitted).

(c) Plaintiffs name KKG as a defendant in the case, but do not set forth a viable claim or cause of action against KKG.  Plaintiffs' Complaint

alleges wrongful entry and detainer (Count I), conversion of personalty (Count II), conversion of realty (Count III), trespass to personalty (Count IV), trespass to realty (Count V), deceit (Count VI), intentional infliction of emotional distress (Count VII), and entitlement to injunctive relief (unnumbered Count). Plaintiffs, however, do not allege any facts indicating any involvement on the part of KKG in these alleged actions other than KKG's role as legal counsel for Chase and JPMorgan. Specifically, Plaintiffs allege KKG is liable to them because it failed to give proper legal advice to Chase. *See also* Complaint ¶¶ 6, 10, 20 (pp. 5 – 6), 19 - 21 (pp. 6 – 7).

(d) KKG was fraudulently joined and its citizenship is irrelevant for determining whether diversity of citizenship exists. Removal is therefore proper.

9.

The amount in controversy exceeds $75,000.00, as demonstrated by the following:

(a) Plaintiffs do not state an amount in controversy in the Complaint but seek actual, special and general damages for alleged wrongful entry and detainer, conversion, trespass and intentional infliction of emotional

distress.  In addition, Plaintiffs seek an order restoring their possession of the real property at issue.  Plaintiffs also seek to recover their attorneys' fees.

(b) Plaintiffs describe, in part, the damages sought for conversion of realty. Plaintiffs seek "no less than the transaction price of the real property whereby the Plaintiffs purchased the home from the corporate Defendants, plus all money payments issued to or to the credit of the corporate Defendants from the date of purchase to the present day . . . plus the fair value of all improvements the Plaintiffs have made to the home in controversy . . . ." *See* Complaint ¶ 17 (p. 4).  Plaintiffs paid in excess of $75,000.00 for the subject property.

(c) When a complaint does not claim a specific amount of damages, removal from state court is proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount." *See Ra'oof v. U.S. Bank*, No. 1:10-CV-3347-RWS, 2010 WL 4975496 (N.D. Ga. Dec. 1, 2010).  *See also Roper v. Saxon Mortgage Services*, No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) (relying on face value of a security deed to supply the amount in controversy in action seeking injunction barring foreclosure).

(d) Plaintiffs executed a promissory note for $88,500.00 in connection with the purchase of the real property at issue in 2004 (the "Note"). The Note is secured pursuant to a security deed dated September 24, 2004 and duly recorded in the Cobb County land records in Deed Book 14059, starting on Page 1357 (the "Security Deed"). *See* the Security Deed, attached hereto as Exhibit B.

(e) Plaintiffs subsequently borrowed an additional $20,000.00 secured by the real property at issue. A security deed securing repayment of the additional loan was dated June 27, 2006 and duly recorded in the Cobb County land records in Deed Book 14362, starting on Page 5512. See Exhibit C.

(f) Therefore, these Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10.

Based on the foregoing, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

11.

Pursuant to  28 U.S.C. § 1446, a copy of all process and pleadings in the Superior Court Action is attached hereto as Exhibit D.

12.

A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the Superior Court for Cobb County, State of Georgia, and shall be served on Plaintiffs.  A true and correct copy of the removal notice to be filed with the Clerk of the Superior Court for Cobb County, State of Georgia, is attached hereto as Exhibit E.

13.

The United States District Court for the Northern District of Georgia, Atlanta Division, is a federal judicial district embracing the Superior Court of Cobb County, Georgia, where the Complaint was originally filed.  Therefore, venue is proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

14.

Nothing in this Notice of Removal shall be interpreted as a waiver of any of the Defendants' rights to assert any defense or affirmative matters, including, but not limited to, defenses based on failure to state a claim, failure to join

indispensable parties, misjoinder of parties, or any other substantive defense or procedural defense under Rules 8 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, for the foregoing reasons, Chase and JPMorgan respectfully request that this matter be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 30th day of May 2012.

**KITCHENS KELLEY GAYNES, P.C.**

/s/ Stephen V. Kern
Stephen V. Kern
Georgia Bar No. 415875
Heather D. Brown
Georgia Bar No. 100169

Counsel for Defendants JPMorgan Chase Bank, N.A. and Chase Home

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile
skern@kkgpc.com
hbrown@kkgpc.com

## <u>FONT CERTIFICATION</u>

The undersigned further certifies that this document has been prepared in

Times New Roman, 14 point type, in accordance with Local Rule 5.1B.

This 30th day of May 2012.

**KITCHENS KELLEY GAYNES, P.C.**

<u>/s/ Stephen V. Kern</u>
Stephen V. Kern
Georgia Bar No. 415875
Heather D. Brown
Georgia Bar No. 100169

Counsel for Defendants JPMorgan Chase &
Co. and JPMorgan Chase Bank, N.A.

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile
skern@kkgpc.com
hbrown@kkgpc.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this day I have served the parties with a true and correct copy of the **NOTICE OF REMOVAL** via electronic transmission and by depositing same in the United States Mail in a properly addressed envelope with adequate postage to:

> Mr. Joseph Claypool
> Mrs. Nora Claypool
> P.O. Box 70185
> Marietta, Georgia 30007
>
> Kim Jackson, Esq.
> Hawkins Parnell Thackston & Young LLP
> 400 SunTrust Plaza
> 303 Peachtree Street
> Atlanta, Georgia  30308

This 30th day of May 2012.

> **KITCHENS KELLEY GAYNES, P.C.**
>
> <u>/s/ Stephen V. Kern</u>
> Stephen V. Kern
> Georgia Bar No. 415875
> Heather D. Brown
> Georgia Bar No. 100169
>
> Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile

12