**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOSEPH CLAYPOOL and<br>NORA CLAYPOOL,<br><br>    Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>JPMORGAN CHASE, LLC f/k/a<br>CHASE HOME FINANCE LLC,<br>JPMORGAN CHASE & CO., and<br>KITCHENS KELLEY GAYNES, P.C.,<br><br>    Defendants. | Civil Action No. 1:12-CV-01873-WBH |

**ANSWER OF DEFENDANTS JPMORGAN CHASE & CO. AND
JPMORGAN CHASE BANK, N.A., AS SUCCESSOR BY MERGER TO
CHASE HOME FINANCE LLC AND AS THE ACQUIRER OF CERTAIN
ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM
THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS
RECEIVER, AND COUNTERCLAIM OF JPMORGAN CHASE BANK,
N.A. AS THE ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF
WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT
INSURANCE CORPORATION ACTING AS RECEIVER**

COME NOW Defendants JPMorgan Chase & Co. ("JPMorgan") and

JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC

and as the acquirer of certain assets and liabilities of Washington Mutual Bank

from the Federal Deposit Insurance Corporation acting as receiver ("Chase")

(collectively referred to herein as "these Defendants"), and for their Answer to the Complaint filed Plaintiffs Joseph Claypool and Nora Claypool, show the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs have named as a defendant a nonexistent entity, JPMorgan Chase LLC f/k/a Chase Home Finance, LLC.

## THIRD DEFENSE

Defendant JPMorgan Chase & Co. is not a proper party to this action and should not be joined as a defendant.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by their failure to do equity.

## NINTH DEFENSE

Plaintiffs failed to satisfy conditions precedent for the granting of the requested injunctive relief.

## TENTH DEFENSE

Plaintiffs' claims are barred by their failure to tender amounts past due on their mortgage loan.

## ELEVENTH DEFENSE

Plaintiffs fail to plead fraud with particularity.

## TWELFTH DEFENSE

Plaintiffs fail to join all parties needed for a just adjudication of their claims.

## THIRTEENTH DEFENSE

These Defendants respond to the specific allegations of the Complaint as follows:

<u>FIRST COUNT</u>
<u>Count for Entry and Detainer</u>

1.

Upon information and belief, these Defendants admit that Plaintiffs are husband and wife, are residents of Georgia over the age of twenty-one years, and live or lived at 888 South Gordon Road, Austell, Georgia 30168.   These Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore the allegations are denied.

2.

These Defendants admit that Chase is a national banking association organized and existing under the laws of the United States.   These Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.

These Defendants admit that, prior to its merger with Chase, Chase Home Finance LLC was incorporated in Delaware.   These Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.

These Defendants admit JPMorgan is incorporated in the State of Delaware and that it remains in good standing.  These Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.

These Defendants deny the allegations of Paragraph 5 of the Complaint.

6.

These Defendants admit that Kitchens Kelley Gaynes, P.C. ("KKG") is a professional corporation formed under the laws of the State of Georgia with its principal place of business at Eleven Piedmont Center – Suite 900, 3495 Piedmont Road, NE, Atlanta, Georgia 30305.  These Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.

These Defendants are without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 7 of the Complaint, and therefore the allegations are denied.  In further response, these Defendants deny that they committed any of the acts described in Paragraph 7.

8.

These Defendants are without sufficient knowledge or information upon which to form a belief as to the allegations contained in Paragraph 8 of the Complaint, and therefore the allegations are denied.

9.

These Defendants deny the allegations of Paragraph 9 of the Complaint.

10.

These Defendants admit that Chase has been involved in previous litigation with Plaintiffs and that Defendant KKG served as their legal counsel in that litigation.   These Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.

These Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.

These Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant Chase admits that it is a creditor of Plaintiffs. These Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint

14.

These Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.

These Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

These Defendants deny the allegations contained in Paragraph 16 of the Complaint.

<u>SECOND COUNT</u>
<u>Count for Conversion of Property</u>

These Defendants incorporate and re-allege their responses to Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

16.

These Defendants deny the allegations contained in the Second Count, Paragraph 16 of the Complaint.

17.

These Defendants deny the allegations contained in the Second Count, Paragraph 17 of the Complaint.

18.

These Defendants admit that Chase appeared as a creditor in the referenced bankruptcy case filed by Plaintiffs and that Plaintiffs received a discharge in that case.  These Defendants deny the remaining allegations contained in the Second Count, Paragraph 18 of the Complaint.

<u>THIRD COUNT</u>
<u>Count for Conversion of Realty</u>

These Defendants incorporate and re-allege their responses to each of the previous paragraphs of the Complaint as if fully set forth herein.

16.

These Defendants deny the allegations contained in the Third Count, Paragraph 16 of the Complaint.

17.

These Defendants deny the allegations contained in the Third Count, Paragraph 17 of the Complaint.

18.

These Defendants deny the allegations contained in the Third Count, Paragraph 18 of the Complaint.

19.

These Defendants admit that Chase appeared as a creditor in the referenced bankruptcy case filed by Plaintiffs and that Plaintiffs received a discharge in that case.   These Defendants deny the remaining allegations contained in the Third Count, Paragraph 19 of the Complaint.

<u>FOURTH COUNT</u>
<u>Count for Trespass to Personalty</u>

These Defendants incorporate and re-allege their responses to all of the previous paragraphs of the Complaint as if fully set forth herein.

17.

These Defendants deny the allegations contained in the Fourth Count, Paragraph 17 of the Complaint.

18.

These Defendants deny the allegations contained in the Fourth Count, Paragraph 18 of the Complaint.

19.

These Defendants deny the allegations contained in the Fourth Count, Paragraph 19 of the Complaint.

20.

These Defendants deny the allegations contained in the Fourth Count, Paragraph 20 of the Complaint.

21.

These Defendants deny the allegations contained in the Fourth Count, Paragraph 21 of the Complaint.

## FIFTH COUNT
### Count for Trespass to Realty

These Defendants incorporate and re-allege their responses to all of the previous paragraphs of the Complaint as if fully set forth herein.

17.

These Defendants deny the allegations contained in the Fifth Count, Paragraph 17 of the Complaint.

18.

These Defendants deny the allegations contained in the Fifth Count, Paragraph 18 of the Complaint.

19.

These Defendants deny the allegations contained in the Fifth Count, Paragraph 19 of the Complaint.

20.

These Defendants deny the allegations contained in the Fifth Count, Paragraph 20 of the Complaint.

21.

These Defendants deny the allegations contained in the Fifth Count, Paragraph 21 of the Complaint.

<u>SIXTH COUNT</u>
<u>Count for Deceit</u>

These Defendants incorporate and re-allege their responses to each of the previous paragraphs of the Complaint as if fully set forth herein.

19.

These Defendants deny the allegations contained in the Sixth Count, Paragraph 19 of the Complaint.

20.

These Defendants deny the allegations contained in the Sixth Count, Paragraph 20 of the Complaint.

21.

These Defendants deny the allegations contained in the Sixth Count, Paragraph 21 of the Complaint.

## SEVENTH COUNT
### Count for Intentional Infliction of Emotional Distress

These Defendants incorporate and re-allege their responses to each of the previous paragraphs of the Complaint as if fully set forth herein.

31.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 31of the Complaint.

32.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 32 of the Complaint.

33.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 33 of the Complaint.

34.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 34 of the Complaint.

35.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 35 of the Complaint.

36.

These Defendants deny the allegations contained in the Seventh Count, Paragraph 36 of the Complaint.

## INJUNCTIVE RELIEF

1.

These Defendants incorporate and re-allege their responses to all of the previous paragraphs of the Complaint as if fully set forth herein.

2.

These Defendants deny that Plaintiffs are entitled to any of the relief sought in Injunctive Relief Paragraph 2 of the Complaint.

3.

These Defendants deny that Plaintiffs are entitled to any of the relief sought in Injunctive Relief Paragraph 3 of the Complaint.

4.

These Defendants deny that Plaintiffs are entitled to any of the relief sought in Injunctive Relief Paragraph 4 of the Complaint.

## FOURTEENTH DEFENSE

All paragraph, allegations and averments not hereinbefore responded to are denied.

**WHEREFORE**, these Defendants pray:

(a)     that judgment be entered in their favor on all counts and claims, and that the Complaint be dismissed with prejudice;

(b)     that all costs be assessed against Plaintiffs;

(c)     that the Court grant these Defendants such additional and further relief it deems just and proper, including, but not limited to, an award of attorneys' fees and expenses of litigation.

## COUNTERCLAIM OF JPMORGAN CHASE BANK, N.A. AS THE ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER

COMES NOW JPMorgan Chase Bank, N.A., as the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver ("Chase"), and for its Counterclaim

against Plaintiffs Joseph Claypool and Nora Claypool (collectively, "Plaintiffs"), shows the Court as follows:

1.

Plaintiffs have subjected themselves to the jurisdiction of this Court and venue is proper.

2.

On or about September 24, 2004, Plaintiffs executed a promissory note to the order of Washington Mutual Bank, FA ("WaMu") in the principal amount of $88,500.00 as Lender (the "Note").  A true and complete copy of the Note is attached hereto as Exhibit "A."

3.

The Note specifically states that the Lender may transfer the Note, and that anyone who takes the Note by transfer and who is entitled to receive payments under the Note is the "Note Holder."

4.

The Note is secured by the Plaintiffs' residential property located at 888 South Gordon Road, Austell, Cobb County, Georgia 30168 (the "Property"), through a Security Deed executed by Plaintiffs on September 24, 2004, and recorded in the land records of Cobb County, Georgia, at Deed Book 14059, Pages

1357 through 1373 (the "Security Deed").  The grantee under the Security Deed is WaMu as the Lender.  A true and complete copy of the Security Deed is attached hereto as Exhibit "B."

5.

In September 2008, following the failure of WaMu, JPMorgan Chase Bank, N.A. acquired certain assets from the Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC") pursuant to a Purchase and Assumption Agreement, including the Note and Security Deed.

6.

Chase is ultimate transferee and holder of the Note.

7.

Chase is the successor in interest to WaMu.  By operation of law Chase is the assignee and holder of the Security Deed and has standing to enforce the Note and the Security Deed.

8.

Plaintiffs defaulted on their monetary obligations under the Note and Security Deed.

9.

All principal, interest and other charges due and payable under the Note have been accelerated and are now due.

10.

Plaintiffs are jointly and severally liable to Chase under the Note in the principal amount of $82,234.41, plus interest calculated through June 30, 2012 in the amount of $13,157.44, plus corporate advances, escrow advances, insurance and fees in the amount of $11,416.55, plus late charges as of June 30, 2012, in the amount of $185.71.   Interest will continue to accrue on the outstanding principal amount due until entry of judgment at the per diem rate of $13.52 from July 1, 2012 through the date of judgment.  Late fees and other charges may also continue to accrue from July 1, 2012, through the date of judgment.

11.

The Note includes a provision that allows Chase to collect reasonable attorneys' fees in the event of nonpayment.   Chase has previously provided Plaintiffs' notice of its intention to enforce the attorneys' fees provision of the Note.

12.

Alternatively, Chase hereby provides notice to Plaintiffs, pursuant to *O.C.G.A.* § 13-1-11, of its intention to enforce the attorneys' fees provision of the Note.  If the entire amount due under the Note is paid within ten (10) days of Plaintiffs' receipt of this Counterclaim, Plaintiffs will not be indebted to Chase for its attorneys' fees.  If the total amount due under the Note is not paid within ten (10) days of Plaintiffs' receipt of this Counterclaim, then in addition to all amounts due and owing under the Note, Plaintiffs will owe the additional amount of fifteen percent (15%) of the first $500.00 in principal and interest then due under the Note, plus ten percent (10%) of the remaining interest and principal due.

**WHEREFORE**, Chase prays that the Court enter a judgment in its favor and against the Plaintiffs, jointly and severally, in the amount of $82,234.41 in principal, plus interest in the amount of $13,157.44, plus additional interest accrued in the amount of $13.52 per diem from July 1, 2012 through the date of judgment, plus corporate and escrow advances and fees in the amount of $11,416.55, plus late charges in the amount of $185.71, plus attorneys' fees calculated pursuant to *O.C.G.A.* § 13-1-11.1.

This 6th day of June 2012.

Respectfully submitted,

**KITCHENS KELLEY GAYNES, P.C.**

**/s/** Heather D. Brown
Stephen V. Kern
Georgia Bar No. 415875
Heather D. Brown
Georgia Bar No. 100169

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC and as the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver Counsel for Defendants JPMorgan & Chase*

Eleven Piedmont Center - Suite 900
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile
skern@kkgpc.com email
hbrown@kkgpc.com email

## <u>FONT CERTIFICATION</u>

The undersigned further certifies that this document has been prepared in Times New Roman, 14 point type, in accordance with Local Rule 5.1B.

This 6th day of June 2012.

Respectfully submitted,

**KITCHENS KELLEY GAYNES, P.C.**

/s/ Heather D. Brown
Stephen V. Kern
Georgia Bar No. 415875
Heather D. Brown
Georgia Bar No. 100169

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC and as the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver*

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile
skern@kkgpc.com email
hbrown@kkgpc.com email

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served the parties below with a true and correct copy of the **ANSWER OF DEFENDANTS JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A. AS THE SUCCESSOR IN INTEREST TO CHASE HOME FINANCE LLC AND AS THE ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER AND COUNTERCLAIM OF JPMORGAN CHASE BANK, N.A.** by mailing the same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery, addressed as follows:

|  |  |
|---|---|
| Mr. Joseph Claypool | Kim Jackson, Esq. |
| Mrs. Nora Claypool | Hawkins Parnell Thackston & Young LLP |
| P.O. Box 70185 | 400 SunTrust Plaza |
| Marietta, Georgia  30007 | 303 Peachtree Street |
|  | Atlanta, Georgia  30308 |

This 6th day of June 2012.

**KITCHENS KELLEY GAYNES, P.C.**

**/s/** Heather D. Brown
Georgia Bar No. 100169

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as successor by merger to Chase Home Finance LLC and as the acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver*

Eleven Piedmont Center - Suite 900
Atlanta, Georgia 30305
(404) 237-4100 telephone
hbrown@kkgpc.com email